NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1353
_____

UNITED STATES OF AMERICA

v.

RONALD HILLS,

Appellant
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 2-08-cr-00654-001)
District Judge:  Honorable Gene E.K. Pratter
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 26, 2023

Before:  JORDAN, KRAUSE and MONTGOMERY-REEVES, *Circuit Judges*

(Filed: July 5, 2023)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

Ronald Hills appeals the District Court's denial of his compassionate release

motion.  He contends that, since the District Court considered only whether to

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

immediately release him and not whether some other reduction in his sentence was warranted, the Court abused its discretion. We disagree and will affirm.

## I.     BACKGROUND

In 2011, Hills was sentenced to 444 months' imprisonment for armed bank robbery, drug trafficking, and firearms offenses. In November 2020, at the height of the COVID-19 pandemic – and after exhausting all administrative steps with the Bureau of Prisons – Hills filed a pro se motion[1] asking for a reduction of his sentence based on "extraordinary and compelling" circumstances.[2] 18 U.S.C. § 3582(c)(1)(A)(i). In essence, he said that he should be released because his medical conditions of "severe/morbid obesity," diabetes, and asthma, along with being over the age of 50, put him "at high risk of severe complications and possibly death" if he were to contract COVID-19 in prison. (J.A. at 45, 108.) Hills also argued that, "[a]t a minimum, the Court should grant a lesser reduction [in his sentence] to reflect Congress's amelioration [under the First Step Act] of the draconian 25-year 'stacking' mandatory sentences" he had received.[3] (J.A. at 97.) The District Court held that, even assuming extraordinary

---

[1] The District Court appointed the Federal Community Defender Office for the Eastern District of Pennsylvania to assist Hills with his reply brief on the pro se motion, and that representation continues on appeal. We are grateful for their service.

[2] Hills had served about 12 years in custody by the time he filed his motion, or, in other words, approximately 147 months out of his 444-month sentence. Combined with his credit for good conduct time of approximately 17 months, his total time served was about 164 months, with an anticipated release date of 2040.

[3] Following our decision in *United States v. Andrews*, 12 F.4th 255, 261-62 (3d Cir. 2021), district courts are foreclosed from considering nonretroactive changes to sentencing laws as the basis for "extraordinary and compelling circumstances" to modify

2

and compelling circumstances existed,[4] "[c]onsideration of the [18 U.S.C.] § 3553(a)

factors compel[led]" denial of Hills's request.  (J.A. at 16.)  Hills timely appealed.[5]

## II.    DISCUSSION[6]

The heart of Hills's appeal is the contention that, while the District Court

considered and explicitly rejected his request for immediate release, it did not address or

rule on his request for a lesser sentence than the lengthy one he received.  The result, he

says, was an abuse of discretion that leaves us with a "record below [that] is insufficient

to allow for meaningful appellate review[.]"  (Opening Br. at 16.)  Not so.  A court "need

_____

a sentence, but they may still consider those changes as part of the "sentence-reduction inquiry" under § 3553(a).  Here, the District Court did not have the benefit of *Andrews*, but – as more fully explained herein – the Court did not abuse its discretion when it considered nonretroactive sentencing changes during its sentence-reduction analysis.

[4] Consistent with its position during the pandemic, the government "acknowledged that, prior to the availability of vaccines, an inmate who presented a medical risk factor identified by the CDC as increasing the risk of an adverse outcome from COVID-19, and who was not expected to recover from that condition during the period of risk from COVID-19, presented an extraordinary and compelling circumstance[.]"  (Answering Br. at 26-27.)  The government now maintains that, following the advent of effective vaccines, "the presence of a [COVID-19] risk factor does not by itself present an extraordinary condition allowing relief."  (Answering Br. at 11 n.2.)

[5] This case was stayed pending resolution of our decision in *Andrews*, 12 F.4th 255.

[6] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  A grant (or denial) of compassionate release is a "purely discretionary decision."  *Andrews*, 12 F.4th at 259.  We therefore review a district court's decision to deny a compassionate-release motion for abuse of discretion, and we will not disturb the court's decision unless we are left with "a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached."  *Id.* (alteration in original).

3

not discuss every argument made by a litigant" when making sentencing decisions, and what the District Court did here was sufficient. *United States v. Voelker*, 489 F.3d 139, 154 (3d Cir. 2007) (internal quotation marks omitted).

Hills filed his compassionate release motion at the height of the pandemic. Thus, he argued mostly for immediate release to spare him from potentially fatal consequences if he were to contract COVID-19. The District Court rightly focused its decision on that request. But that does not mean the Court did not also consider some other reduction in his sentence. District Court judges are given "wide discretion" in sentencing decisions, *Mistretta v. United States*, 488 U.S. 361, 390 (1989), and we "traditional[ly] [grant] deference to a district court's exercise of its sentencing discretion[,]" *Williams v. United States*, 503 U.S. 193, 205 (1992).

After the District Court stated that the § 3553(a) factors "compel[led]" denial of the motion, it then explained that Hills's "serious offenses warranted a severe sentence to provide adequate deterrence, reflect the nature of the crimes, and protect the public."[7] (J.A. at 17.) What is more, the Court considered nonretroactive sentencing changes under the First Step Act and determined that, even though Hills would receive a lower sentence if he were to be sentenced today, that fact still did not warrant a sentence reduction. That determination was, in part, due to "the disparity" the Court perceived "in

---

[7] More specifically, the Court said that "Hills preyed on the weakest and most vulnerable in our society" when "[h]e threatened to shoot an elderly couple in order to steal from them [after they withdrew cash from a bank]. And, in addition to armed robbery, [he] trafficked drugs to other vulnerable targets." (J.A. at 17.)

sentencing pre-and post-elimination of the mandatory stacking charge." (J.A. at 16.) The Court concluded that the post-First Step Act sentencing framework "would effectively wipe away" the consequences of three of Hills's remaining charges, and, given the severity of the crimes and the need to "protect the public," the "§ 3553(a) factors weigh[ed] against such a sentencing reduction." (J.A. at 16-17.)

Even though that analysis was expressed in the context of the District Court's consideration of reducing his sentence to time served – which Hills zealously advocated for, and which made the most sense given the state of the pandemic at the time – the District Court properly exercised its discretion to determine that he was, among other things, still a danger to society and should not receive a sentence reduction. We believe consideration of the request for a reduced sentence is implicit on this record. In the end, we are not left with a "definite and firm conviction that [the Court] committed a clear error of judgment in the conclusion it reached." *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021). Accordingly, we conclude that the District Court did not abuse its discretion.

## III. CONCLUSION

For all those reasons, we will affirm the District Court's denial of Hills's motion for compassionate release.